# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1605 | **DATE** | 2/6/2003 |
| **CASE TITLE** |  | Smith vs. IL Secretary of State | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants the Secretary of State's motion to dismiss (39-1) and dismisses Smith's claims against the Illinois Secretary of State.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | FEB 10 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | DW docketing deputy initials | 50 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | FEB 10 2003 date mailed notice | |
| OR | courtroom deputy's initials | 03 FEB -9 PM 7:36 | DW mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
FEB 1 0 2003

| | |
|---|---|
| JONATHAN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 01 C 1605 |
| ) | |
| ILLINOIS SECRETARY OF STATE ) | |
| and MARY ROMANSKI, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Jonathan Smith was the victim of an identity theft. Smith alleges that the Secretary of State issued a renewal license with Smith's name, driver's license number, social security number and birthdate, but the identity thief's picture and address. Smith alleges that Mary Romanski, an SOS employee under indictment on other charges, *see United States v. Steven J. Della Rose, Mary Romanski and Dennis Ilenfeld,* No. 02 CR 466 (N.D. Ill. indictment filed May 7, 2002), entered a change of address on Smith's records, which allowed the identity thief to succeed in getting the fake license. After getting the fake license, the identity thief racked up several out-of-state traffic-related violations, causing problems with Smith's driving record, and racked up unpaid bills with AT&T Wireless and Sprint PCS, causing problems with Smith's credit history. The identity thief was also convicted of credit card fraud in Indiana and then failed to report to his probation officer, causing an arrest warrant to be issued in Smith's name.

Based on the various out-of-state traffic offenses, the SOS suspended Smith's license effective

June 9, 2000. Smith attempted, with little success, to work through the SOS's administrative remedies to purge the identity thief's violations from his record and to get his license re-instated. He also filed this lawsuit, which spurred the SOS to action: because of this suit, SOS personnel worked with the various out-of-state courts to clear the tickets issued to the identity thief in Smith's name, and eventually the SOS issued Smith a new license. The SOS has, however, steadfastly refused to issue Smith a new driver's license *number* or issue an official proclamation that Smith was victimized – the remedies Smith seems to think would solve all of the problems stemming from the theft of his identity.

The case is before the Court on the SOS's motion to dismiss Smith's claims against the SOS in his second amended complaint, in which he seeks damages from Romanski and an injunction compelling the SOS to take appropriate action to remedy Romanski's misdeeds.[1] The SOS asks the Court to dismiss Smith's claims because, among other reasons, Smith has failed to establish the existence of a case or controversy as required by the Constitution. Article III of the Constitution limits federal court jurisdiction to actual "cases" or "controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992). An essential part of the case or controversy requirement is the doctrine of standing, which at its "irreducible constitutional minimum" requires an injury in fact suffered by the plaintiff, a causal connection between the plaintiff's injury and the defendant's conduct, and a likelihood that the plaintiff's injury will be redressed by a decision in his favor. *Id.* at 560-61 (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984); *Warth v. Seldin*, 422 U.S. 490, 508 (1975); *Sierra Club v. Morton*, 405 U.S. 727, 740-41, n. 16 (1972); *Simon v. Eastern Kentucky Welfare Rights*

---

[1] Romanski has filed a separate motion to dismiss, but it is not yet fully briefed. We will address it in a later opinion.

2

*Organization*, 426 U.S. 26, 41-42, 43 (1976)). As the party invoking federal jurisdiction, Smith is charged with establishing these elements, *id.* at 561 (citing *FW/PBS, Inc. v. Dalla*, 493 U.S. 215, 231 (1990); *Warth*, 422 U.S. at 508), and he has not done so.

In his initial complaints, Smith challenged the suspension of his license and the lack of any mechanism within the SOS's office for purging from Smith's record the identity thief's out-of-state offenses. If this was all Smith was seeking, the case would be moot; the SOS reissued Smith's license and worked with Smith and the other states to cleanse his driving record of any blemishes attributable to the fake license. But Smith argues that his second amended complaint goes beyond these allegations. He argues that his new complaint focuses on a different property right – his "property right in his identity" – and alleges that the SOS's failure to act (specifically its failure to officially declare that he was the victim of an identity theft and to issue him a new driver's license number) has impaired and continues to impair this property right. Smith suggests that the SOS's inaction has prevented him from clearing up the Indiana arrest warrant and prevented him from persuading AT&T and Sprint PCS that he should not be held responsible for charges incurred by the identity thief. Without deciding whether the right to have a driving or identity record that is unblemished except by one's own actions is a constitutionally protected property right, we find that even as amended Smith's complaint fails to present a justiciable case or controversy.

Nothing we can do in the context of this lawsuit will fix the problems actually remaining that Smith asks us to fix. In his complaint, Smith alleges that his driving record and his credit history have been damaged; he also alleges that he has been damaged because of the Indiana conviction and subsequent arrest warrant. As we have said, the problems with Smith's driving record have already

been fixed. To address the other injuries, Smith seeks an injunction requiring the SOS to issue him a new driver's license number and to officially acknowledge that Smith was the victim of an identity theft. But an order of this Court or a new driver's license number or an official acknowledgment from the SOS will not change how the Indiana authorities or AT&T and Sprint handle Smith's issues. None of these entities is a party to this lawsuit, and neither this Court nor the SOS has any power to dictate Smith's treatment before them. Tangentially, we note that Smith has any number of other more conclusive means (e.g., fingerprints) to establish that the warrant is a mistake. Additionally, although neither party has argued the point, we cannot imagine that Smith is the first person to challenge his alleged debts on this basis; certainly AT&T and Sprint do not require an identity theft victim to produce a judgment against the Secretary of State's office to cancel a debt. We also note that to the extent Smith is worried that the identity thief's misconduct in Indiana will subject him to further recriminations or legal wrangling, that fear cannot be based on his Illinois driving record – the only thing the SOS has the control and authority to fix – because his driving record has already been cleared. Any problems stemming from the Indiana warrant will result from the NCIC or other FBI or national police information, which, as we said in our opinion denying Smith's preliminary injunction motion, are beyond the SOS's control. *See Smith v. Illinois Secretary of State*, No. 01 C 1605, 2002 WL 109354, at *4 (N.D. Ill. Jan. 28, 2002). In short, the injury Smith has sustained – potential problems arising out of an unjustified Indiana warrant and several defaulted consumer accounts – cannot be redressed by a judgment against the SOS, and we must therefore dismiss the claim for lack of a case or controversy.

## Conclusion

For the reasons explained above, the Court grants the Secretary of State's motion to dismiss [Docket No. 39-1] and dismisses Smith's claim against the Illinois Secretary of State.

Dated: February 6, 2003

*(signature)*
MATTHEW F. KENNELLY
United States District Judge