# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1605 | **DATE** | 4/21/2003 |
| **CASE TITLE** | Smith vs. IL Secretary of State | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, Romanski's motion to dismiss (48-1) is denied. Romanski is ordered to answer the complaint within 14 days. The case is set for a status hearing on 5/8/03 at 9:30 a.m. for the purpose of setting a discovery cutoff date and a trial date.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 2 3 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 53 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR6 | courtroom deputy's initials | 03 APR 22 PM 3:30 | date mailed notice | |
| | | 01 Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JONATHAN SMITH,)
)
    Plaintiff,)
)
v.) Case No. 01 C 1605
)
ILLINOIS SECRETARY OF STATE)
and MARY ROMANSKI,)
)
    Defendants.)

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Jonathan Smith has sued Mary Romanski, an employee of the Illinois Secretary of State's Office, for her role in allegedly providing an identity thief with a false Illinois driver's license bearing Smith's name, date of birth, and social security number. Smith seeks to recover under 18 U.S.C. § 2724, which creates a private cause of action to redress violations of the Driver's Privacy Protection Act, 18 U.S.C. § 2721-2726 ("DPPA"). Romanski moves to dismiss, arguing that her conduct, as alleged in the complaint, does not fall within the scope of the activity regulated by the DPPA.

The DPPA provides: "Except as provided in subsection (b), a State department of motor vehicles, and any officer, employee, or contractor, thereof, shall not knowingly disclose or otherwise make available to any person or entity personal information about any individual obtained by the department in connection with a motor vehicle record." 18 U.S.C. § 2721(a). It further provides that "a person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information

pertains, who may bring a civil action in a United States district court." *Id.* § 2724. In his complaint, Smith alleges that Romanski was employed by the Illinois Secretary of State and vested with the power to verify credentials for the renewal and issuance of motor vehicle operator's licenses. He alleges that Romanski exploited her licensing authority to provide an unknown third party with a false driver's license bearing Smith's name, date of birth and social security number. In the course of this wrongdoing, Smith alleges, Romanski "obtained, disclosed, or used personal information from motor vehicles records" in violation of § 2721(a), giving rise to an action under § 2724.

Romanski does not deny that she is an "employee" of a "State department of motor vehicles" within the meaning of § 2721(a). Nor does she argue that her alleged exploitation of Smith's personal information falls within one of the exceptions for "permissible use" of motor vehicles records enumerated in § 2721(b). Rather, she contends that Congress was not concerned with identity theft when it passed the DPPA and that allowing this case to go forward would frustrate legislative intent.

When we interpret a statute, we begin by looking at its language. *United States v. Balint*, 201 F.3d 928, 932 (7th Cir. 2000). If a statutory provision is clear on its face, the court usually stops there, affording the legislative language its plain and ordinary meaning. *See Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 537-538 (7th Cir. 2003). The plain meaning remains conclusive unless "'a literal application of the statute will produce a result demonstrably at odds with the intentions of its drafters.'" *Balint*, 201 F.3d at 932 (quoting *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989)). Under the plain language of §§ 2721 and 2724, Smith is entitled to state a claim based on the allegation that Romanski, an employee of a State department of motor vehicles, knowingly disclosed to some third party his name, date of birth and social security number–information that the department had

2

obtained in connection with his motor vehicle records. We are not persuaded that a decision to allow this case to go forward is at odds with Congress's intentions.

Romanski argues that the DPPA was passed in response to Congressional concern for the threat to public safety posed by free access to DMV records. In support of this contention, she cites to a series of examples of public records abuse recounted by various Senators and Representatives during Congressional debate over the legislation. *See, e.g.,* 139 Cong. Rec. 29,466 (1993) (statement of Sen. Boxer) (a man used the DMV to discover the home addresses of several young women and sent them harassing letters); 139 Cong. Rec. 29,462 (1993) (statement of Sen. Robb) (a woman who visited an abortion doctor found black balloons outside her home after a group of anti-abortion activists had seen her car in the clinic's parking lot and had used her license plate information to obtain her home address from the DMV). But even if we take this evidence as reflecting Congress's intent, it does not make Smith's claim is improper. Though Congress may not have debated the issue of identity theft, an identity theft victim like Smith is in the same general class of records abuse victims as the persons described in the anecdotes Romanski cites from the Congressional Record.

Further, the cases that Romanski cites in support of the proposition that the DPPA should be narrowly construed are inapposite here. In *O'Brien v. Quad Six, Inc.,* 219 F. Supp. 2d 933, 935 (N.D. Ill. 2002), the court held that a plaintiff could not sue under § 2724 to recover from a nightclub that photocopied the plaintiff's driver's license and sold his address to marketers. But it found the DPPA inapplicable because the defendant had not actually obtained the plaintiff's personal information from state motor vehicle records. In *Mattivi v. Russell,* No. Civ.A. 01-WM-533(BNB), 2002 WL 31949898 (D. Colo. Aug. 2, 2002), the court ruled that a plaintiff could not sue under the DPPA to

recover from a police officer who disclosed to a local newspaper personal information about the plaintiff that he had compiled in producing an accident report. But that decision was based on the court's determination that the officer was not a motor vehicle department "employee" and that the accident report was not a "motor vehicle record" within the meaning of the Act. *Id.* at *4. By contrast, Romanski worked for the motor vehicle division of the Illinois Secretary of State's office, and she is alleged to have disclosed Smith's personal information through her access to Illinois state motor vehicle records.

Finally, we acknowledge Romanski's argument that allowing Smith's claim to go forward would result in an unconstitutional application of the DPPA. Because she raises this issue for the first time in her reply, Smith has not had a chance to respond, and we will not address her Tenth Amendment concerns directly. We note, however, that the Supreme Court has acknowledged the constitutional validity of the DPPA as generally applicable legislation designed to regulate the market for motor vehicle information. *See Reno v. Condon,* 528 U.S. 141, 151 (2000). Moreover, the Act expressly creates civil liability for state department of motor vehicle employees, and Romanski is sued here in her individual capacity. We do not see how it matters that the alleged disclosure took the form of a falsely issued license.

## Conclusion

For the reasons stated above, Romanski's motion to dismiss [docket item 48-1] is denied. Romanski is ordered to answer the complaint within 14 days. The case is set for a status hearing on May 8, 2003 at 9:30 AM for the purpose of setting a discovery cutoff date and a trial date.

Dated: April 21, 2003

MATTHEW F. KENNELLY
United States District Judge